UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| VS. | § § § | JURY |
| MT. HAWLEY INSURANCE COMPANY | § § | |
| Defendant. | § | COMPLAINT |

## COMPLAINT

Scottsdale Insurance Company (Scottsdale) brings this complaint against Mt. Hawley Insurance Company (Hawley), and would show:

1.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for affirmative relief.  Scottsdale asks this court to interpret insurance policies and to declare that Mt. Hawley has, and had, a duty to defend or indemnify D& F Industries, Inc. (DF) in Cause No. C-1038-02-G, in the 370th Judicial District Court of Hidalgo County, Texas, styled *Landmark Organization, LP v. Pharr San Juan Alamo ISD*, (the "Lawsuit").  Scottsdale also seeks affirmative relief for loss adjustment expenses incurred in defending claims in the Lawsuit.

2.     Scottsdale is a stock insurance company incorporated in the State of Ohio with its principal place of business in Scottsdale, Arizona.  Scottsdale is duly authorized

to engage in the business of insurance in the State of Texas. Scottsdale is an Arizona and Ohio Citizen.

3. Hawley is an Illinois Corporation, eligible to transact business in the State of Texas. Hawley's principal place of business is in Peoria, Illinois. Hawley has not designated an attorney for service with the Texas Department of Insurance. Hawley can be served by serving the Commissioner of Insurance for the State of Texas.

4. Venue is properly placed under 28 U.S.C. § 1391.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists between the plaintiff and defendant, as plaintiff is an Arizona and Ohio citizen and defendant is an Illinois citizen. No defendant is an Arizona or Ohio citizen. This Court has jurisdiction under 28 U.S.C. § 1332.

6. This action concerns a case or controversy, because Scottsdale seeks affirmative relief and to have coverage elements determined on policies of insurance Hawley and Scottsdale issued to DF.

7. Scottsdale and DF entered into a general liability insurance contract numbered BCS0000488 (BCS Policy), for the period 12/1/00 to 12/1/01. A true and correct copy of the BCS Policy is attached and incorporated as labeled Exhibit 1. Hawley issued general liability insurance to DF for the policy periods 12/1/01 to 12/1/02 and 12/1/02 to 12/1/03.

8. Landmark Organization, LP (Landmark) acted as the general contractor for the Pharr San Juan Alamo ISD's (PSJA) new high school. Landmark sued PSJA in the Lawsuit regarding construction issues at the high school. PSJA brought a counterclaim against Landmark for defective construction and consequent mold in the high school. Landmark brought a third-party petition against 41 other contractors - including DF - that supplied services or materials to the high school.

9. PSJA amended its counterclaim to include negligence claims against Landmark and the 41 other contractors, including DF.

10. In 1998 Landmark contracted with PSJA to build a high school. Landmark subcontracted DF to perform electrical work on the high school. The high school opened in August, 2000. In April, 2002, PSJA hired an independent company to perform tests at the high school. The July, 2002 report from that independent company indicated defects in the high school's construction and unacceptable levels of mold at the high school. The report prompted the school district to discuss remediation efforts.

11. Landmark filed suit to stop remediation before Landmark had the opportunity to inspect the high school and investigate the complaints raised by the July, 2002 report. PSJA filed a counterclaim for negligent construction against Landmark. Landmark filed a third-party petition bringing in the other contractors on the high

school, including DF. PSJA amended its counterclaim to add claims against the other contractors, including DF, initially sued by Landmark.

12. Scottsdale has afforded a defense to DF for PSJA's counterclaim and Landmark's third-party petition. Although defense of PSJA's counterclaim and Landmark's third-party claims against DF were tendered to Hawley, Hawley refused to afford a defense. Hawley continues to refuse to participate in DF's defense. Defense costs (loss adjustment expenses) incurred by DF in the lawsuit exceed $500,000.00. Those incurred defense costs have been satisfied by insurance proceeds.

12. Hawley has a duty to defend DJ under the policy of insurance it issued to DF. That duty has been triggered by the filing of the counterclaim and the third-party petition in the Lawsuit and DF's tender of the defense of those claims to Hawley. The live pleadings in PSJA's counterclaim and Landmark's third-party petition contained allegations that stated facts which would support a cause of action against DF within the coverage of Hawley's policies issued to DF. Landmark and PSJA have alleged claims against DF for which Hawley may be obligated to pay.

## DECLARATORY RELIEF

13. Hawley had, and has, a duty to defend DF in the Lawsuit. Hawley has not been participating in the defense costs for the Lawsuit.

14.     An actual, real, and substantial controversy now exists between Scottsdale and Hawley regarding Hawley's duty to defend and to indemnify DF under the policies Hawley issued to DF.

15.     Because of this controversy, Scottsdale has defended DF for the counterclaims brought by PSJA and the third-party claims brought by Landmark without Hawley's's participation, and unless and until such controversy and the rights and legal relations of the parties are judicially determined, adjudicated, and declared in this action, Scottsdale will continue to provide such defense.

16.     Scottsdale also seeks recovery of its reasonable and necessary attorney's fees incurred in prosecuting this declaratory judgment action against Hawley, as allowed under applicable federal law, as well as reimbursement of those loss adjustment expenses paid by Scottsdale and any other carrier, which expenses should have been paid by Hawley.

## CONTRIBUTION

17.     The Scottsdale policy provides in SECTION IV- CONDITIONS 4.c.:

> **Method of Sharing**
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributing equal amounts until it has paid its applicable limit of insurance or none of the *loss* remains, whichever comes first.

> If any other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers. (Emphasis added)

18. The method of sharing only applies to *loss* (indemnity), not defense. Accordingly, Scottsdale did not contractually agree to pay only its pro rata share of defense costs. Scottsdale and Hawley had a common obligation to pay defense costs incurred by DF in defending claims that fall within the coverage of Hawley's policies issued to DF. This common obligation creates a right of contribution in Scottsdale.

19. Scottsdale and another carrier have paid more than their fair share of the defense costs. Scottsdale and the other carrier that have paid defense costs incurred by DF in the Lawsuit have the right to recover the excess amount of defense costs paid by them from Hawley, which had violated its duty to defend the common insured, DF.

20. Hawley, Scottsdale, and the other carrier share a common obligation to afford a defense to DF for the Lawsuit. Scottsdale and the other carrier have made a compulsory payment or other discharge of more than their fair share of this common obligation.

21. The obligation to pay defense costs is equally and concurrently due by Hawley, Scottsdale, and the other carrier. Scottsdale is entitled to recover those defense costs

to be shared by the two policies of insurance issued by Hawley to DF. Hawley had an obligation to pay 50% of the defense costs incurred by DF in the lawsuit. For which Scottsdale seeks recovery.

## SUBROGATION

22. The Scottsdale policy provides at SECTION IV - CONDITIONS.8:

> If the insured has rights to recover all or part of any payment we have made under this Coverage part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

23. DF has the right to have its defense costs paid by Hawley. DF has not been completely indemnified by Scottsdale or any other carrier for the claims asserted against DF in the Lawsuit. DF has the right to recover all or part of the payments made by Scottsdale and the other carrier for defense costs incurred by DF in the Lawsuit. DF has transferred those rights to Scottsdale. Scottsdale is asserting its subrogation right to the contractual right DF has to recover defense costs incurred by DF in the Lawsuit, which Hawley had the obligation to pay per its insurance policies.

24. Hawley entered two contracts (insurance policies) with DF that obligated Hawley to pay DF's defense cost incurred in the lawsuit. Hawley breached both of those contracts, by failing to afford a defense and participate in the payment of

defense costs incurred by DF in the lawsuit. Those breaches caused damage to DF. Scottsdale seeks recovery, by way of subrogation, for the defense costs incurred by DF that Hawley contractually agreed to pay, but has refused to pay.

24. Scottsdale also seeks recovery of the attorney's fees incurred by it in prosecuting this subrogation claim under Chapter 38 of the Texas Civil Practices and Remedies Code.

## COMMON FUND

25. Scottsdale brings this claim on its own behalf and on behalf of the other carrier that has participated in the payment of defense costs incurred by DF in the Lawsuit. Recoverable monies allocated to the other carrier will be paid into a common fund to be allocated and distributed to the other carrier.

28. Scottsdale seeks recovery of attorney's fees incurred in this action through appeal under equity, in bringing this common fund claim.

29. Scottsdale requests a trial by jury.

## JURY DEMAND

30. Scottsdale requests a trial by jury and will tender the appropriate fees.

## PRAYER

WHEREFORE, Scottsdale respectfully requests:

    A. That this Court determine and adjudicate the rights and liabilities of the

parties to this action regarding the BCS Policy and the two policies issued by Hawley to DF;

B.    That this Court find and declare that Hawley had, and has, a duty to defend and indemnify DF in the Lawsuit;

C.    That this Court find and declare that Hawley has a duty to pay a pro rata share of the defense costs incurred by DF to date, and in the future, in the Lawsuit;

D.    That Hawley, its attorneys, and agents be restrained and prohibited from filing or prosecuting any action in any other court in this cause upon the issues raised in this complaint;

E.    That the Court award Scottsdale reimbursement of attorney's fees and loss adjustment expenses incurred in defending DF in the Lawsuit that should have been paid by Hawley;

F.    That the Court award Scottsdale its attorney's fees incurred in this action, through appeal, under equity, the federal declaratory judgment act or Chapter 38 of the Texas Civil Practices and Remedies Code;

G.    That the Court award Scottsdale its costs, prejudgment interest, and postjudgment interest, as allowed by applicable law; and

H.    That the Court grant Scottsdale such other and further relief as it may deem just and proper.

Respectfully submitted,

BURT BARR & ASSOCIATES, L.L.P.

By: /s/ M. Forest Nelson
    M. FOREST NELSON
    State Bar No.  14904625
    Federal ID No. 5934
    203 E. Colorado Blvd
    Dallas, Texas 75203
    (214) 943-0012
    Telefax:  (214) 943-0048

ATTORNEYS FOR SCOTTSDALE
INSURANCE COMPANY